IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERMAINE HALL,

Petitioner,

    vs.

WILLIAM SCHWARTZ and
KIMBERLY DAHLEN,

Respondent.                      Case No. 15-cv-00585-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner Jermaine Hall, a pretrial detainee in the Jackson County Jail ("Jail"), brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1).  Petitioner is seeking an order to compel the respondents, Illinois First Circuit Judges William Schwartz and Kimberly Dahlen, to dismiss all criminal charges pending against him and to release him from jail.  Petitioner filed a very similar petition with this Court on March 4, 2015; the prior petition was dismissed on March 26, 2015. *See Hall v. Schwartz*, No. 15-cv-00232-DRH (S.D. Ill.) (Docs. 1, 6).

    This matter is now before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the petition, the Court concludes that this petition, like the last, must be dismissed.

## Discussion

In the present petition, Hall is challenging once again the criminal charges currently pending against him and the related proceedings in state court. The thrust of his argument is that he does not believe the state court has jurisdiction over him because he contends that he is a foreign state. (Doc. 1, pp. 10-11). In April 2015, Hall filed a motion in state court (apparently twice) to dismiss the pending criminal charges, but the motion was denied. *Id*. at p. 5. Unsatisfied with this result, Hall is back in federal court requesting, once again, that this Court intervene and order the dismissal.

The Court articulated the applicable legal standard in its dismissal order in Hall's prior habeas case. *See Hall v. Schwartz*, No. 15-cv-00232-DRH (S.D. Ill.) (Doc. 6). It has not changed. Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings. *See Gakuba v. O'Brien*, 711 F.3d 751 (7th Cir. 2013); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986). In fact, federal courts are required to abstain from enjoining such proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an

adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)).

Here, Hall is requesting that this Court intervene in a state court criminal proceeding. A state court criminal proceeding is obviously judicial in nature and implicates important state interests. In addition, the state courts and the attendant appeals process are adequately equipped to review federal constitutional claims. The question, therefore, is whether any extraordinary circumstances exists which make abstention inappropriate.

As the Court previously explained, the extraordinary or special circumstances which might overcome the abstention rule are limited to instances where irreparable damage would occur. Such instances are rare. As the United States Supreme Court noted in *Younger*,

> No citizen or member of the community is immune from prosecution, in good faith, for his alleged criminal acts. The imminence of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity which exerts its extraordinary powers only to prevent irreparable injury to the plaintiff who seeks its aid.

*Younger v. Harris*, 401 U.S. 37, 46 (1971).

Petitioner's declaration that he is a "foreign state" does not constitute an "extraordinary circumstance" that would warrant federal court intervention into a state court criminal proceeding. Accordingly, this § 2241 habeas petition must be

dismissed with prejudice. Although the dismissal is with prejudice, this does not mean that the dismissal is on the merits, *see Greening v. Moran,* 953 F.2d 301, 304 (7th Cir.1992) (holding that "it is not appropriate to address the merits in a case to which *Younger* applies" because "[t]o say that abstention is in order ... is to say that federal courts should not address the merits, period"), but instead because the *Younger* doctrine denies this Court the equitable discretion to even reach the merits.

Petitioner raised his immunity argument in the state criminal proceeding but did not prevail on it. If he is convicted, he may appeal that conviction in Illinois and again raise his immunity argument. If the Illinois Appellate Court and subsequently the Illinois Supreme Court affirm his conviction, petitioner may then seek certiorari review in the United States Supreme Court. *See* 28 U.S.C. § 1257. If his conviction is not overturned at that point, he may then file a motion for post-conviction relief in state court and, depending on the resolution of that motion, a habeas petition in federal court. *See* 28 U.S.C. § 2254. What he may not do, however, is again ask a federal district court to enjoin his pending criminal proceeding because he is immune from prosecution.

Twice in three months, this Court has ruled on virtually the same petition filed by petitioner. Both petitions were frivolous. Petitioner stands warned that he will be sanctioned for future frivolous filings, consistent with *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). In *Alexander*, 121 F.3d at 315-16, the Seventh Circuit imposed a monetary sanction as well as an order that future

filings by the petitioner would be deemed denied on the thirtieth day unless the Court entered an order to the contrary. The Seventh Circuit relied on the principle that courts have "inherent powers to protect themselves from vexatious litigation." *Id*. at 316 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). *Alexander* involved a prisoner's repetitive and redundant applications to the Seventh Circuit for leave to file a successive § 2255 action. Like that prisoner, petitioner will be subject to sanctions if he continues to file claims that are clearly foreclosed or frivolous.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons set forth above, the petition is **DISMISSED with prejudice**.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prisoner trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil

Procedure 59(e) may toll the 30-day appeal deadline.[1]  It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: June 22, 2015**

Digitally signed by David R. Herndon
Date: 2015.06.22 14:20:47 -05'00'

**United States District Judge**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).